IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL RAMOS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VERA MEDINA,<br><br>　　　　　Defendant. | **REPORT & RECOMMENDATION & ORDER**<br><br>Case No: 2:08-CV-680 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　　　Plaintiff Michael Ramos seeks removal of a state court case to federal court.[1] The state case consists of a petition for divorce filed by Ramos' former wife, and subsequent proceedings related to child custody and visitation. Ramos, apparently unsatisfied with the resolution of visitation rights in the state court, wants this court to intervene.

　　　　Ramos previously filed a notice of removal of the same state court case on April 9, 2008. The case was remanded to the state court by the district judge for lack of subject matter jurisdiction.[2] As explained by the court in remanding Ramos' previous removal, only state cases over which the district court would have had original jurisdiction are removable to this court.[3] "In general, original jurisdiction is lacking unless there is diversity of citizenship or 'a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"[4] Usually, "a

---

[1] The state case was filed in the Third Judicial District Court, Tooele County, case no. 054300280.

[2] *Ramos v. Ramos*, 2:08-CV-273 DAK, docket no. 22, filed May 28, 2008.

[3] 28 U.S.C. § 1441(a); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).

[4] *Id*. (quoting *CaterpillarInc. v. Williams*, 482 U.S. 386, 392 (1987).

case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."[5]  In this case, there is no diversity of citizenship as both parties are citizens of Utah.[6]  Likewise, no federal question is presented.

In an apparent attempt to establish federal question jurisdiction, Ramos asks this court to review the case to see if his civil rights have been violated.[7]  However, as discussed above, in order for this court to have subject matter jurisdiction, a federal question must be presented on the face of the plaintiff's complaint.  Here, the state case was initiated by the filing of a petition for divorce in state court by Ramos' former wife.  No federal question appears on the face of the petition.  Ramos may not remove the case to federal court simply by suggesting that his civil rights might have been violated.  As this court previously explained, Ramos' remedy, if he has one, is in the state courts.

---

[5] *Topeka Hous. Auth*, 404 F.3d at 1247.

[6] See Verified Petition at 1, Exhibit E to Notice of Removal in case no. 2:08-CV-273 DAK (stating that both parties are "bona fide residents of TOOELE County, State of Utah.").

[7] Docket no. 3, filed September 9, 2008.

## ORDER

Ramos has filed a motion to appoint counsel,[8] and a motion for service of process.[9] Since the court has no jurisdiction in this case, the motions are **DENIED** as moot.

## RECOMMENDATION

This court lacks jurisdiction over the subject matter. Accordingly, the case should be remanded to the state court pursuant to 28 U.S.C. § 1447(c).

## NOTICE

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

February 13, 2009.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[8] Docket no. 4, filed September 9, 2008.

[9] Docket no. 5, filed September 9, 2008.